SAMS, APPELLANT, *v.* THE ENGLEWOOD READY-MIX CORP. ET AL., APPELLEES.

[Cite as Sams v. Englewood Ready-Mix Corp. (1969), 22 Ohio App. 2d 168.]

(No. 3422—Decided August 2, 1969.)

*Messrs. Gallon & Miller,* for appellant.
*Messrs. Bieser, Greer & Landis,* for appellees.

SHERER, J. Plaintiff, appellant herein, brought this action for damages in the Common Pleas Court of Montgomery County, alleging that defendants, appellees herein, manufactured and sold ready-mix concrete to one Bruce Savage for the purpose of constructing a patio at his home; that Savage told defendants that he intended doing the work himself; that plaintiff assisted Savage in spreading the concrete, as a consequence of which his trousers became wet with the concrete; and that his knees and legs were burned. Plaintiff alleged further that defendants knew that the product contained a highly corrosive and dangerous chemical which, when combined with water, would produce a highly corrosive reaction when brought in contact with the human skin for long periods of time. Plaintiff alleged further that defendants knew, or should have known, the aforementioned properties of its inherently dangerous product and failed to give any warning to Savage or plaintiff of the inherent danger in their use of the product.

Defendants demurred to plaintiff's amended petition for the reason that it did not state a cause of action, and the Common Pleas Court sustained the demurrer. When plaintiff filed a second amended petition containing the same allegations, the court struck same from the files. Plaintiff's

motion for reconsideration was overruled, and this appeal is from those orders.

The action of the Common Pleas Court was based upon the holdings of the courts in the following cases:

*Katz* v. *Arundel-Brooks Concrete Corp.* 220 Md. 200, 151 A. 2d 731, 78 A. L. R. 2d 692; *Baker* v. *Stewart Sand and Material Co.* (Mo. App.), 353 S. W. 2d 108; *Dalton* v. *Pioneer Sand and Gravel Co.*, 37 Wash. 2d 946, 227 P. 2d 173; *Simmons* v. *Rhodes & Jamieson Ltd.*, 46 Cal. 2d 190, 293 P. 2d 26; and *Imperial* v. *Central Concrete, Inc.*, 1 App. Div. 2d 671, 146 N. Y. S. 2d 307, affirmed, 2 N. Y. 2d 939, 142 N. E. 2d 209.

Those cases hold that it is a matter of common knowledge that concrete contains lime which is a corrosive substance and that there is no duty on the part of the manufacturer or vendor of such products to warn purchasers of this fact.

Plaintiff's amended petition seeks relief upon a claim of negligence in that defendants knew of the dangerous qualities of ready-mix concrete and failed to warn Savage or plaintiff of such danger. After the demurrer to the amended petition was sustained, plaintiff filed a second amended petition, basing his claim for relief upon such claim of negligence and a further claim of a breach of warranty of fitness for the use intended. It was alleged therein that the product was defective in that the warning was not included with the sale. This is nothing more than a claim of negligence consisting of a failure to warn.

Legal liability for negligence is based upon conditions involving unreasonable risk to another, and the established test of negligence is the conduct of a reasonably prudent person in like circumstances. A plaintiff may recover damages for an injury resulting from a negligent act of a defendant if a reasonably prudent and careful person should have anticipated, under the same or similar circumstances, that injury to the plaintiff or someone else probably would result.

The duty to warn against unusual hazards has long been recognized as a source of tort liability. A product

is inherently dangerous where the danger of injury stems from the nature of the product itself and not to any defect in the product.

The rule applicable to the facts admitted by the demurrer here is stated in *Orr* v. *Shell Oil Co.*, 352 Mo. 288 at 294, 177 S. W. 2d 608, 612:

"The rule has been more fully expressed in the Restatement of Torts, sec. 388 * * * 'One who supplies directly or through a third person a chattel for another to use, is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be in the vicinity of its probable use, for bodily harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier

" '(a) knows, or from facts known to him should realize that the chattel is or is likely to be dangerous for the use for which it is supplied;

" '(b) and has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition; and

" '(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be so.' "

It cannot be said as a matter of law that defendants had no duty to warn Savage and others whom they should reasonably expect to use their product with his consent of the danger inherent in its use. We do not consider the caustic and corrosive qualities of concrete to be matters of common knowledge so as to relieve defendants of a duty to warn. The pleadings raise issues of fact which should be submitted to the trier of the facts in issue.

The orders of the Common Pleas Court will be reversed, and the cause will be remanded to that court for further proceedings as provided by law.

*Judgment reversed.*

KERNS, P. J., and CRAWFORD, J., concur.