HARGIS, APPELLANT, *v.* DOE ET AL., APPELLEES.

(No. CA 7274—Decided October 22, 1981.)

*Mr. Wilbur S. Lang,* for appellant.

*Mr. Hugh H. Altick,* for appellee Tresler Oil Company.

KERNS, P.J. This is an appeal from a judgment of the Court of Common Pleas of Montgomery County entered upon a directed verdict in favor of the defendant, Tresler Oil Company, at the conclusion of the plaintiff's case.

The plaintiff, Gary Hargis, commenced the action seeking damages for injuries sustained while working at his place of employment with Mamco Converters, Inc. According to the evidence, Mamco purchased a product known as Stoddard's Solvent from Tresler Oil Company in fifty-five gallon drums which did not display a warning that the solvent was flammable.

On October 11, 1977, Hargis was employed by Mamco, and five work days later, he was involved in an accident while leak testing automatic torque converters. In the process, Mr. Hargis would pressurize the torque converters with eighty pounds of air pressure and then immerse them into a vat of Stoddard's Solvent. If any of the welds on the converters were faulty, bubbles would indicate the location of the defect whereupon Hargis would remove the converters from the vat and repair the defects with an arc welder. While checking the converters for leaks, Hargis' clothes would become dampened to some extent by the solvent, and the subsequent repair welding would create sparks and intense heat.

On October 18, 1977, Hargis was using the arc welder to repair a torque converter that had just been removed from the vat of Stoddard's Solvent when his clothing caught on fire. A co-worker came to the assistance of Hargis with a fire extinguisher but not until after the plaintiff suffered severe burns from which he was hospitalized for eighteen days.

At the conclusion of the plaintiff's case, the trial court directed a verdict in favor of the Tresler Oil Company on the ground that Stoddard's Solvent was ordinarily used as a degreasing agent and that Tresler's failure to warn of its flammable qualities was not actionable because the solvent was not being used for its intended purpose at the time of the accident.

In the common pleas court, the plaintiff's theory of recovery was based essentially upon negligence, and Hargis maintains in this court that the trial court erred in directing a verdict in favor of the defendant because the jury could have reasonably concluded from the evidence that the defendant negligently failed to warn of the inherent dangers of Stoddard's Solvent and that such failure proximately caused the plaintiff's injuries.

The expert testimony elicited at trial revealed that Stoddard's Solvent was formerly used in the dry cleaning industry but is presently used as a degreaser. John Maynard, the President of Mamco Converters, Inc., testified that the solvent was used in the transmission industry to degrease and clean parts. The testimony discloses further that the solvent was sold to Mamco by the distributor, Tresler, in fifty-five gallon drums which were painted red with a white head on them. The only writing on the drums was a notation which read "Tresler Oil Co. — Stoddard's Solvent — $15 drum deposit."

The plaintiff, Hargis, testified that he did not know that he was dipping the torque converters into Stoddard's Solvent, that no one ever told him about the flammable propensities of the solvent, that he never saw Tresler's fifty-five gallon drums, and that he only knew that the solution in the vat was some type of liquid. Another witness, Keith Thomas, who was also an employee of Mamco, testified that when he trained Hargis to check the converters for leaks and to repair any leaks with an arc welder, he did not warn him about the use of Stoddard's Solvent.

The plaintiff's cause of action is based upon the failure of Tresler to warn of the inherent dangers stemming from the nature of the product sold to Mamco, and this court has previously held that the duty to warn against unusual hazards is a source of tort liability. *Sams* v. *Englewood Ready-Mix Corp.* (1969), 22 Ohio App. 2d 168 [51 O.O.2d 315]. As noted in *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 325 [4 O.O.3d 466], "* * * the rule imposing obligation on the manufacturer or seller to give suitable warning of a dangerous propensity of a product is a rule fixing a standard of care, and any tort resulting from the failure to meet this duty is, in essence, a negligent act." See, also, Prosser on Torts (4th Ed.), Section 96. Hence, a supplier is subject to liability for the damages proximately caused by the use of his product, in the manner and for the purpose for which it was supplied, if he fails to exercise reasonable care to give the user information which he has and which he should realize would be necessary to make the use of the product safe. See Restatement of Torts 2d, Section 388.

In directing a verdict, the trial court ruled as a matter of law that the defendant could not be held liable for the plaintiff's injuries because the solvent was not used "in a manner for which * * * it was supplied," but the duty of a supplier to warn of the dangers inherent in its product extends beyond the sole use contemplated by the supplier. In other words, the gross negligence of the employer, Mamco, as shown by the evidence, did not relieve the supplier of a duty to warn against any reasonable use of the product for any purpose. In fact, the duty to warn of the flammability of a product used for cleaning purposes reasonably could extend far beyond the transmission industry, and although the defendant may not have been required to guard against the particular manner of use shown by the facts in this case, it nevertheless had a duty to warn Hargis of the flammable nature of the product and to proscribe its use around sparks, burners, cigarettes, flames, etc.

However, assuming that the plaintiff's evidence was sufficient to overcome the motion for a directed verdict upon the issue of negligence alone, there still remains the difficult question of whether the evidence was sufficient to show some causal connection between the failure to warn and the resulting injuries. "* * * One of the hurdles, which is present in all products liability litigation, standing between proof of a negligent failure to warn and ultimate recovery[,] is the necessity of proof of a proximately causal relationship between the negligence and the injury." 63 American Jurisprudence 2d 67, Section 58. See, also, 76 A.L.R.2d 9, Section 17.

While the conduct of the employer,

Mamco, in placing the employee in a work area with both a flammable fluid and flame without notice or warning, is morally indefensible, the employer's negligence cannot, of course, be imputed to the supplier of the solvent, and the evidence herein fails to disclose any connection between the fifty-five gallon drum containing the solvent and the activities of the employee. In fact, Hargis testified that he never saw Tresler's drums, and the query thus posed is whether his injuries are traceable to the failure of Tresler to give him some type of warning on the drums that the liquid he was using was flammable. In other words, how could an adequate and complete warning on the drums have prevented the unfortunate accident? According to the evidence, the supplier had no other reasonable access to the employee, and it appears that the accident would have occurred without any reference whatsoever to Tresler's failure to post a warning on the drums.

In this particular case, Mamco was not ignorant of the facts which a warning would communicate, and Tresler had no control over the work area where the uniquely dangerous process resulted in the injuries to Hargis. Although the inherent dangers of certain types of products, such as poisons, explosives, drugs, and the like, may require personal notice to the user without reference to any intervening source, in other situations, such as here, the requirement of an adequate warning extends only to those to whom the distributor has reasonable access. See *Burton* v. *L. O. Smith Foundry Products Co.* (C.A. 7, 1976), 529 F.2d 108; *Wilhelm* v. *Globe Solvent Co.* (Del. Super 1977), 373 A.2d 218.

We are of the opinion, therefore, that the totally unanticipated misuse of the solvent, as found by the trial court, was not enough to preclude the necessity for some warning that this particular product was flammable, but after construing the evidence most favorably to the plaintiff, as we must in a directed verdict case, we are nonetheless of the opinion that the evidence fails to show any causal connection in this particular case between the failure to warn and the injuries.

Hence, the judgment will be affirmed.

*Judgment affirmed.*

WILSON and BROGAN, JJ., concur.