471 So.2d 1199 (1985)
Pearl MATHEWS, Plaintiff-Appellee,
v.
LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, d/b/a Blue Cross, and Louisiana Hospital Assoc. Employee Benefit Trust, Defendants-Appellants.
No. 84-576.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
*1200 Victor H. Sooter, Alexandria, Watson, Blanche, Wilson & Posner, Oscar L. Shoenfelt, III, Baton Rouge, for defendants-appellants.
John T. Bennett, Marksville, for plaintiff-appellee.
Before GUIDRY, KNOLL and KING, JJ.
KING, Judge.
The main issue presented by this appeal is whether or not plaintiff is entitled to recover medical benefits under group hospitalization insurance plans provided by the defendants through the plaintiff's former employer.
The plaintiff, Pearl Mathews (hereinafter Mathews) is a former employee of the Bunkie General Hospital in Bunkie, Louisiana. Mathews filed suit against the defendants, Louisiana Health Service & Indemnity Company (hereinafter Blue Cross) and Louisiana Hospital Association Employee Benefit Trust (hereinafter "the Trust"), seeking recovery of unpaid medical benefits, penalties and attorney's fees, under the group hospitalization insurance plans of the defendants that Bunkie General Hospital obtained and furnished for its employees. The Trust reconvened seeking to recover medical benefits it had allegedly paid in error on Mathews' behalf. The District Judge found both defendants liable in solido to Mathews in the sum of $5,021.75 for unpaid medical benefits, together with legal interest from date of judicial demand, until paid, and court costs. The trial judge denied Mathews' claim for penalties and attorney's fees and denied the reconventional demand brought by the Trust against Mathews. Blue Cross and the Trust timely appealed. We reverse and render judgment.
This appeal raises these issues:
(1) Whether the trial court erred in failing to find that Mathews' injuries were job-related and thus excluded from coverage under both group hospitalization insurance plans;
(2) Whether the trial court erred in finding Blue Cross liable in solido with the Trust for all the unpaid medical expenses, despite the fact that many of the charges were incurred after the Blue Cross plan was cancelled and the Trust plan went in to effect; and
(3) Whether the trial court erred in not granting judgment on the reconventional demand in favor of the Trust and against Mathews.

FACTS
Mathews testified that she injured her back on June 18, 1981 during her work shift at Bunkie General Hospital while removing a wet blanket from a washing machine. At that time, Mathews was covered for payment of medical benefits under a Blue Cross group hospitalization insurance plan provided as a group benefit through her employer, Bunkie General Hospital. On June 18, 1981, the day of the accident *1201 Mathews went to the Bunkie General Hospital emergency room where she told the emergency room physicians and other personnel that she had hurt her back while on the job in the laundry room removing a wet blanket from a washer. She was treated for a back sprain and released. On June 19, 1981 Mathews was admitted to Bunkie General Hospital and was diagnosed to have acute back pain. She was treated with traction and muscle relaxants and released from the hospital on June 24, 1981 with instructions that she could return to work in three days. Mathews then returned to work doing her normal duties.
The Bunkie General Hospital cancelled its employee group hospitalization insurance plan with Blue Cross effective as of September 1, 1981. On the same day the hospital entered into an agreement with the Trust wherein the Trust agreed to provide the Bunkie General Hospital employees with a group hospitalization insurance plan.
On May 3, 1982 Mathews checked into Rapides General Hospital in Alexandria, Louisiana. She told doctors at Rapides General Hospital that she had hurt her back approximately six months before at work and that since that time she had been suffering from increased pain in her back and legs. Dr. D.L. Gamburg diagnosed her condition as herniated nucleus pulposus, at the L-4 level on the left, and on May 5, 1982 discharged her and advised her to rest in bed at home for one week. He also instructed her to return to the hospital after the week of bed rest for a reassessment of her condition. On May 6, 1982, the day after her discharge from Rapides General Hospital, Mathews checked into Bunkie General Hospital complaining of severe back pain. She was treated symptomatically and given muscle relaxants, cortico-steroids, and placed in pelvic traction. On May 11, 1982 she was discharged and referred to an orthopedist in Alexandria for follow-up care.
On the following day, May 12, 1982, Mathews once again checked into Rapides General Hospital where Dr. Gamburg and Dr. John Patton treated her and conducted tests. Since Mathews failed to respond to conservative treatment Dr. Gamburg performed a decompressive lumbar laminectomy surgery. After a normal recovery Mathews was discharged on May 25, 1982 with a final diagnosis of lumbar spinal stenosis.
Mathews filed a suit for workmen's compensation benefits on September 17, 1982 alleging that she suffered an accident while working on the job at Bunkie General Hospital on June 18, 1981 which left her totally and permanently disabled. Mathews sought, in addition to workmen's compensation benefits, the medical expenses arising from treatment of her back injuries from June 18, 1981 through May 1982. Before her workmen's compensation suit was decided on the merits, but after the trial had commenced, Mathews settled her claim for $30,000.00.
Mathews, in the joint petition to the Court to settle her workmen's compensation claim, alleged that she injured her back on the job at Bunkie General Hospital on June 18, 1981, when lifting a heavy wet blanket, which totally and permanently disabled her. The Court, after discussing the petition for settlement with Mathews and her attorneys as required by LSA-R.S. 23:1273, concluded that Mathews had suffered injuries related to her work at Bunkie General Hospital which produced total and permanent disability beginning June 18, 1981. These findings, and court authorization of the settlement, were then incorporated into a written judgment, which was approved as to form by Mathews' attorneys, and which was then signed by the Court.
On February 23, 1983 Mathews filed this suit against defendants seeking to recover, under their hospitalization insurance plans, the benefits provided for payment of her unpaid medical bills incurred in connection with her back injury. In this suit Mathews sought to recover for the same medical expenses, arising from the treatment for her back injuries, as she sought to recover in her workmen's compensation suit.
*1202 The group hospitalization insurance plans of Blue Cross and the Trust issued to the Bunkie General Hospital for its employees contain certain exclusionary language. The Blue Cross plan has the following exclusion:
"ARTICLE IXEXCLUSIONS
1. No benefit shall be provided for:
(a) Cases covered in whole or in part, by workmen's compensation, occupational disease, or disability benefits law."
Similarly, the Trust's plan has the following exclusion:
"Expenses Not Covered
This plan does not provide coverage for the following:
* * * * * *
4. Charges in connection with (a) injuries sustained while doing any act or thing pertaining to any occupation or employment for remuneration or profit, or (b) disease for which benefits are payable in accordance with the provisions of any workers' compensation or similar law."
In a suit to recover benefits under a policy, where the insurer denies coverage based on a policy exclusion, the insurer has the burden of proving facts which place the claim within the exclusion. Stewart v. Louisiana Farm Bur. Mut. Ins. Co., 420 So.2d 1217 (La.App. 3rd Cir.1982) and cases cited therein. In order to prove a work-related injury a party must prove that more probably than not an employment accident occurred and that it had a causal relation to the disability. Delco v. Heritage Manor Nursing Home, 441 So.2d 309 (La.App. 3rd Cir.1983), writ denied 443 So.2d 1123 (La. 1984). The testimony of an injured worker alone may establish a work-related accident where such testimony is consistent and corroborated by other credible evidence. Thompson v. Natchitoches Parish Hosp. Serv. Dist., 335 So.2d 81 (La.App. 3rd Cir. 1976), writ denied 338 So.2d 298 (La.1976). Once a work-related accident followed by injury has been established, it is presumed that the accident caused the injuries unless there is an intervening cause. Thompson v. Natchitoches Parish Hosp. Serv. Dist., supra. A court's finding on the issue of whether a work-related accident caused a plaintiff's injuries is a finding of fact which should not be overturned absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Delco v. Heritage Manor Nursing Home, supra.
In the trial judge's written opinion he specifically found that the defendants had failed to prove that Mathews' medical bills, for which she was seeking recovery, were incurred as the result of a work-related injury or any other disease covered by the workmen's compensation law.
Mathews argues on appeal that defendants failed to carry their burden of proof of facts to place her claim within the exclusion of each of their plans.
The evidence relied upon by defendants to prove that Mathews' injuries and subsequent medical bills resulted from a work-related accident covered by workmen's compensation laws can be summarized as follows: (1) Mathews alleged in her workmen's compensation petition that she became totally and permanently disabled on June 18, 1981 when she hurt her back lifting a heavy wet blanket from a washer while at work at Bunkie General Hospital; (2) Mathews testified at both the workmen's compensation trial and at the trial of this suit that she hurt her back during work at Bunkie General Hospital on June 18, 1981 while pulling a wet blanket from a washing machine; (3) In the workmen's compensation suit Mathews alleged that she had never suffered back problems before lifting the wet blanket from the washer while working at the Bunkie General Hospital on June 18, 1981 and testified in this suit that her back pain gradually became worse from June 18, 1981 until the time of her back surgery in May, 1982; (4) The June 18, 1981 Bunkie General emergency room record indicates that Mathews complained that she suffered acute back pain when she removed a wet blanket from a washer while at work that day; (5) The medical records for Mathews' various stays at Bunkie General and Rapides General *1203 indicate that Mathews recounted the wet blanket incident to each of her doctors as causing her back injuries and pain; (6) That Mathews sought to recover in this suit the same medical expenses she had sought to recover in her previous workmen's compensation suit; and (7) Mathews received $30,000.00 in a negotiated, court-approved settlement of her workmen's compensation suit in which the Court specifically recognized in its judgment that Mathews injured her back on the job at Bunkie General Hospital on June 18, 1981 and was totally disabled as a result of this back injury.
A consideration of the entire record as well as the evidence summarized above clearly shows that the trial judge was manifestly in error in not finding that the defendants had successfully met their burden of proving that Mathews sustained a work-related accident covered by workmen's compensation laws, which caused her back injury that resulted in the medical bills she seeks to recover. The evidence is clear and convincing that Mathews' injury of her back on June 18, 1981 while at work at Bunkie General Hospital was an injury pertaining to her employment and which entitled her to workmen's compensation benefits. The evidence is also clear and convincing that the medical bills Mathews seeks in this suit were incurred as a result of her back injury.
For these reasons the trial court judgment previously rendered in favor of Mathews and against the defendants is reversed and set aside. Due to our decision setting aside the trial court judgment it is not necessary to discuss whether or not the trial court erred in holding Blue Cross liable in solido with the Trust for Mathews' claim or in not awarding Mathews penalties and attorney's fees.
The Trust reconvened against Mathews seeking reimbursement from her of medical benefits which it paid on her behalf, for medical treatment for her back injuries, before it made a determination that its plan excluded coverage for these expenses. Under Louisiana law a person who has paid through mistake believing himself a debtor may reclaim what he has paid. LSA-C.C. Art. 2302. An action under this article will lie against either the creditor or the true debtor. Acme Refrig. of Baton Rouge v. Caljoan, Inc., 346 So.2d 743 (La.App. 1st Cir.1977). The Trust paid some of the medical expenses incurred by Mathews for treatment of her work-related back injury before it had determined she was not entitled to such medical benefits because of the exclusion in their plan; therefore the Trust paid some of Mathews' medical expenses through mistake, at a time when it believed itself to be a debtor under its plan. For this reason the Trust is entitled to recover from Mathews what it mistakenly paid on behalf of Mathews. The amount originally sought in the reconventional demand was increased by evidence received at the trial, without objection. The evidence received at trial shows the amount paid in mistake by the Trust to various creditors of Mathews, for her medical expenses for treatment of her back injuries, to be the sum of $3,634.92. For this reason judgment will be rendered on the reconventional demand in favor of the Trust and against Mathews in the sum of $3,634.92, together with legal interest from date of judicial demand, until paid.
For the foregoing reasons the judgment of the trial court granting judgment in favor of Mathews and against Blue Cross and the Trust, in solido, for $5,201.75, together with legal interest and costs, is reversed and set aside and Mathews' demands in this regard are dismissed with prejudice. Judgment is rendered in favor of the Trust and against Mathews in the sum of $3,634.92, together with legal interest from date of judicial demand, until paid. All costs at the trial level and of this appeal are to be paid by plaintiff-appellee.
REVERSED AND RENDERED.