WICKER, Judge.
This appeal arises from a judgment in favor of plaintiff, Thomas Breaux, and against defendants, Ralph Crais Oil Corporation and Sentry Insurance, finding plaintiff to have a permánent and partial disability and awarding him compensation accordingly.
Thomas Breaux was employed by Ralph Crais Oil Corporation as a truck driver and delivery laborer. On March 2, 1984, Breaux was manually offloading a 55 gallon drum of antifreeze at Louisiana Power House Company. During the offloading, the drum began to “wobble” getting away from him; and before he could bring it under control, he was jerked forward strongly by the drum’s movement.
No one at Louisiana Power House Company witnessed the offloading incident. And, although Breaux stated he felt pain in his left shoulder, he did not report the incident as an injury to his employer. Instead, Breaux began a course of home treatments which included the use of “Ben-Gay” and heating pads. Two weeks later, with no relief, Breaux informed his employer, Mr. Crais, of his pain. Mr. Crais told Breaux to seek medical help which he did.
Mr. Breaux was initially seen at West Jefferson Hospital on March 21, 1984. However, it was recommended that he see an orthopedic surgeon. The following day, Breaux was seen by Dr. Robert Fleming at Westside Orthopedic Clinic. Breaux told Dr. Fleming his injury resulted from moving the anti-freeze barrel and the hospitalization insurance forms were filled in accordingly.
These forms were rejected by the insurer, stating this was more properly a worker’s compensation claim, and returned to Crais Oil. Mr. Crais called Breaux into the office and questioned him as to why he had filled out the hospitalization form in such a manner. A disagreement ensued.
Breaux told Crais that his medical problem was caused by an on-the-job injury and that is why he filled in the form that way. Crais explained that hospitalization would not cover such if caused by an on-the-job accident and requested Breaux to change the form. Breaux would not because he wanted compensation coverage, not hospitalization.[1] Crais insisted he change because no on-the-job accident was ever related to the office.
The dispute between Breaux and Crais Oil resulted in his filing for worker’s compensation. After a complete trial on the merits, the trial court rendered judgment in favor of Breaux, finding:
(1) There was a work-related injury involved; and that
(2) Breaux was entitled to permanent and partial disability.
Appellants assert as error:
*577 (1) The trial court erred in finding that plaintiff was injured in a work-related accident on March 2, 1984.
(2) The trial court erred in awarding plaintiff permanent, partial disability for a claim under the Louisiana Worker’s Compensation Act, when the only medical testimony in plaintiffs favor estimated a fifteen (15) percent (%) disability.
(3) The trial court erred in awarding plaintiff permanent, partial disability when all medical testimony indicated plaintiff could return to work at least on “light duty,” and plaintiff’s former employer said that he would re-employ plaintiff if a position became available.
(4) The trial court erred in finding that “Mr. Breaux returned to work after being told by Dr. Fleming to do so, until approximately April 20, 1984, when he said the pain was so bad he could not work.”
Appellants initially argue that the trial court’s conclusion that appellee suffered a work-related injury was manifestly erroneous. Appellants assert:
“It is beyond belief that plaintiff could suffer a permanently crippling injury during the course and scope of employment on March 2, 1984, based upon:
(1) there being no witnesses to the incident;
(2) plaintiff did not inform Louisiana Power House personnel of incident;
(3) plaintiff did not inform his employer upon returning;
(4) plaintiff continued to work for two weeks before mentioning his pain to employer.”
LSA-R.S. 23:1031 requires that the plaintiff-employee in a worker’s compensation suit prove by a preponderance of the evidence, more probable than not, that the employment caused the accident, the accident caused the injury and the injury caused the disability. Butler v. Jefferson Disposal Co., Inc., 460 So.2d 1062 (La. App.5th Cir.1985). For worker’s compensation purposes, the testimony of an employee alone may establish a work-related accident where such testimony is corroborated by other credible evidence. Thompson v. Natchitoches Parish Hosp. Serv. Dist., 335 So.2d 81 (La.App.3d Cir.1976), writs refused 338 So.2d 298 (La.1978). See also, Mathews v. Louisiana Health Serv. & Ind. Co., 471 So.2d 1199 (La.App.3d Cir.1985). The court’s finding that a work-related accident caused plaintiff’s injuries is a finding of fact which should not be overturned absent manifest error. Mathews, supra.
In essence, appellants attack appel-lee’s credibility and the plausibility of his explanation for his pain. This alone is insufficient to overcome the burden of showing manifest error. This court is well aware of appellee’s required burden of proof; but we fail to find manifest error in the trial court’s determination, “Plaintiff was involved in a work-related activity and was injured as a result of that activity.”
The remaining errors concern the trial court’s awarding plaintiff permanent, partial disability. Appellants argue such finding to be error in light of recent legislation coupled with plaintiff’s physician admitting plaintiff’s disability was fifteen (15) percent (%).
The disability provisions of Louisiana’s Worker’s Compensation Law underwent important changes through Act 1 of the First Extraordinary Session of 1983 (La. Acts 1983, 1st Ex.Sess. No. 1, amended LSA-R.S. 23:1221 effective July 1, 1983). Plaintiff’s injury occurred after the effective date of the act and is therefore governed by the amended statute.
Permanent, partial disability is now defined by LSA-R.S. 23:1221(4)(q), which specifically provides that no benefits shall be awarded for permanent, partial disability unless:
“anatomical loss of use or amputation, as provided in Subparagraphs (a) through (o) of this Paragraph or loss of physical function as provided in Subparagraph (p) of this Paragraph is greater than fifty percent as established in the American Medical Association Guides to the Evaluation of Permanent Impairment, *578 copyright 1977, by the American Medical Association.”
Dr. Fleming quantified the anatomical loss of plaintiffs left arm, in accordance with the American Medical Association’s guidelines, to be fifteen (15) percent (%) with a five (5) percent (%) leeway. The trial court erred in finding plaintiff to have a permanent, partial disability.
Plaintiff does suffer with some partial disability and can be awarded relief under LSA-R.S. 23:1221(3) Supplemental earnings benefits (SEB). As calculated under SEB, plaintiff is entitled to supplemental earnings benefits,
“equal to seventy-four percent of the difference between ninety percent of the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment. ...” LSA-R.S. 23:1221(3)(a).
The record establishes plaintiffs weekly pay was two hundred twenty-nine dollars and seventy-one cents ($229.71), or nine hundred eighty seven dollars and seventy-five cents [$987.75 (229.71 x 4.3)] monthly. Plaintiff has not been employed since April 20,1984, so his earnings since that time are zero. Further, the record does not demonstrate that plaintiff is able to be employed at this time in any “light duty” job considering his skills, education and physical limitation. Accordingly, plaintiff is entitled to compensation at the rate of one hundred fifty-two dollars and ninety-nine cents ($152.99) weekly (90% of $987.75 is $888.98; 74% of the difference between $888.98 and nothing is $657.84; $657.84 divided by 4.3 is $152.99).
Although Dr. Fleming did state that plaintiff could do some form of light-duty sedentary-type work; nonetheless, plaintiffs disability was of a permanent nature. Thus, the evidence is lacking in establishing the duration of plaintiffs disability. In situations where the evidence does not indicate the duration of partial disability, claimant will be entitled to benefits during his or her disability not to exceed maximum period allowed by law. Ramsey v. Dragon Ltd., 448 So.2d 745 (La.App. 4th Cir.1984). In accordance with LSA-R.S. 23:1221(3)(d), plaintiff should receive weekly benefits of $152.99 for the duration of his disability not to exceed 520 weeks. Further, the weekly benefits can be terminated for any of the reasons set forth in the statute.
Accordingly, for the above foregoing reasons, the judgment is affirmed in part as to the finding that there was a job related injury; reversed in part as to the finding there was a permanent partial disability; and amended to benefits of one hundred fifty-two dollars and ninety-nine cents ($152.99) weekly for a duration not to exceed 520 weeks.
AFFIRMED IN PART;
REVERSED IN PART;
AMENDED IN PART.

. Breaux clearly stated at trial that he did not want hospitalization coverage because it would only cover eighty (80) percent (⅜) of his bills, and he could not afford to pay even twenty (20) percent (%).