**Richard MATZ, Plaintiff–Appellant,**

v.

**MILE HI CONCRETE, INC., a Colorado corporation, Defendant–Appellee.**

No. 89CA1792.

Colorado Court of Appeals,
Div. IV.

March 28, 1991.

Rehearing Denied May 2, 1991.

Certiorari Granted Oct. 21, 1991.

Radetsky & Shapiro, P.C., James M. Edwards, Steven A. Shapiro, Denver, for plaintiff-appellant.

Watson, Nathan & Bremer, P.C., Ellis J. Mayer, Mark H. Dumm, Denver, for defendant-appellee.

Opinion by Judge MARQUEZ.

Plaintiff, Richard Matz, appeals from a jury verdict in favor of defendant, Mile Hi Concrete, Inc., on claims of negligence and products liability. We reverse and remand for a new trial.

Plaintiff is a self-employed carpet installer who operates his business out of his residence. Plaintiff testified that, although he was inexperienced in dealing with wet concrete, he decided to square off a slab of concrete that was on his land, and he built forms around the slab for that purpose. He then looked in the phone book to select a company to supply the concrete. Because he had to purchase only as much concrete as was necessary for the job, plaintiff decided to buy concrete from defendant, a company that directed its advertisements to small contractors and homeowners.

The concrete was delivered to plaintiff's property in November 1987. Plaintiff used a shovel to spread the wet concrete until the truck driver showed him how to move it using a piece of wood. Working in the concrete on his hands and knees, plaintiff then finished leveling it off in the forms and went to work spreading the leftover amount in a small gully located on his property. Plaintiff continued working in the wet concrete for 25 to 45 minutes after the truck driver left. At that point, plaintiff's knees began to feel "hot" and "cold" and he noticed that his knees were getting red and were burning.

Plaintiff sought medical attention, and his treating physician's final diagnosis was deep and superficial second degree burns caused by kneeling in the concrete.

The record reflects that no oral or written warnings were given to plaintiff regarding the possible dangers of wet concrete.

In August 1988, plaintiff filed suit. The first of two claims submitted to the jury was based on defendant's negligent failure to warn, and the second was a products liability claim alleging that the concrete was defective and unreasonably dangerous because of a lack of warnings. The jury returned a verdict on both claims in favor of defendant.

I.

Plaintiff now argues that the trial court erred regarding the giving of certain jury instructions. Specifically, plaintiff contends that the trial court erred in not finding a duty to warn as a matter of law and in not properly instructing the jury regarding that duty. We agree.

The existence and scope of a duty are matters of law for the court to determine. *Imperial Distribution Services v. Forrest,* 741 P.2d 1251 (Colo.1987). Whether the law should impose a duty requires consideration of many factors including the risk involved, the foreseeability and likelihood of injury as weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against injury or harm, and the consequences of placing the burden upon the actor. *University of Denver v. Whitlock,* 744 P.2d 54 (Colo.1987).

When a manufacturer or seller knows or should know of unreasonable dangers associated with the use of its product and not obvious to product users, it has a duty to warn of these dangers; and a breach of this duty constitutes negligence. *Palmer v. A.H. Robins Co.,* 684 P.2d 187 (Colo.1984).

No Colorado case has discussed the issue of a concrete manufacturer's duty to warn.

However, in cases such as here in which a ready-mix concrete company delivers concrete to a "do-it-yourselfer," courts in other jurisdictions have held that manufacturers do have a duty to warn the user of the danger that continued exposure to wet concrete can cause burns or injuries. *See Jowers v. Commercial Union Insurance Co.*, 435 So.2d 575 (La.App. 3rd Cir.1983); *Young v. Elmira Transit Mix, Inc.*, 52 A.D.2d 202, 383 N.Y.S.2d 729 (1976); *Sams v. Englewood Ready–Mix Corp.*, 22 Ohio App.2d 168, 259 N.E.2d 507 (1969). *But see Baker v. Stewart Sand & Material Co.*, 353 S.W.2d 108 (Mo.App.1961); *Katz v. Arundel–Brooks Concrete Corp.*, 220 Md. 200, 151 A.2d 731 (1959). *Cf. Gary v. Dyson Lumber & Supply Co., Inc.*, 465 So.2d 172 (La.App. 3rd Cir.1985) (No duty to warn since plaintiffs knew concrete could cause burns); *Huff v. Elmhurst–Chicago Stone Co.*, 94 Ill.App.3d 1091, 50 Ill.Dec. 453, 419 N.E.2d 561 (1981) (Duty to warn concrete laborer did not arise because of general knowledge in the industry and actual knowledge on behalf of plaintiff). We conclude that such a rule is appropriate in this case.

Here, defendant's president and owner testified that Mile Hi Concrete had been in business about a year at the time of this incident and that he knew that if one were exposed to wet concrete without washing it off for a long period of time it could burn.

Also, there is no evidence that defendant had any reason to believe plaintiff knew of the dangers of wet concrete.

In addition, there was testimony that warnings were common in the industry and that they had been in place since at least the mid–1980's. And, at the time of plaintiff's injury, defendant had a form of receipt which read as follows:

"CAUTION: Freshly mixed cement, mortar, concrete, or grout may cause skin injury. Avoid contact, with skin where possible and wash exposed skin areas promptly with water. If any cement mixtures get into eyes, rinse immediately and repeatedly with water and get prompt medical attention. KEEP OUT OF REACH OF CHILDREN."

However, that form of receipt was not given to plaintiff. In fact, there is no evidence that any warnings, written or verbal, were given to plaintiff.

Under these circumstances, we conclude that defendant had a duty to warn plaintiff specifically concerning the dangers of wet concrete. Therefore, insofar as the jury instructions on both negligent failure to warn and products liability did not specify this duty, they were in error.

## II.

■ Plaintiff raises other issues which, because of our disposition of this case, we will not address. However, because it is likely to arise on remand, we do address his argument that the court erred in tendering to the jury, over plaintiff's objections, defendant's instruction regarding the presumption of non-defectiveness for a product that had been sold for use and consumption ten or more years prior to the injury. We agree with plaintiff.

The instruction given was based on § 13–21–403(3), C.R.S. (1987 Repl.Vol. 6A) and *CJI–Civ.3d* 14:26 (1990). Section 13–21–403(3) provides:

"Ten years after a product is first sold for use or consumption, it shall be rebuttably presumed that the product was not defective and that the manufacturer or seller thereof was not negligent and that all warnings and instructions were proper and adequate."

The instruction given provided:

"In this case, if you find that cement was sold for the first time for use or consumption ten or more years before any claimed injuries were incurred by the plaintiff, then the law presumes that concrete was not defective and all warnings and instructions were proper and adequate.

"You must consider this presumption together with all the other evidence in this case in determining whether or not the concrete was defective and all warnings and instructions were proper and adequate."

The basis for the trial court's ruling on the instruction was the testimony of plaintiff's

expert that concrete has been used since Roman times and the court's question whether general warnings, if one is generally given in the industry, were directed towards plaintiff's specific injury.

Here, a number of factors lead us to conclude that the presumption does not apply and the instruction should not have been given. These include: (1) warnings have been given within the last ten years regarding concrete; (2) defendant had such a warning but did not give it to plaintiff; (3) there was testimony that wet concrete had caused injuries in the last ten years; and (4) there have been lawsuits during the last ten years under the theory of strict liability alleging that concrete was unreasonably dangerous without warnings. *See Uptain v. Huntington Lab, Inc.,* 723 P.2d 1322 (Colo.1986).

In our view, these facts further demonstrate that concrete is a defective product if no warnings of its dangers are given to the unknowing user, and accordingly, it is not a product within the scope of the presumption established by the statute.

The judgment is reversed, and the cause is remanded for a new trial in accordance with this opinion.

CRISWELL and DAVIDSON, JJ., concur.