KOHUT, Appellant,

v.

HOBART MANUFACTURING COMPANY; Biro Sales, Inc., Appellee.

[Cite as *Kohut v. Hobart Mfg. Co.* (1996), 113 Ohio App.3d 150.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69968.

Decided July 29, 1996.

*Schulman, Schulman & Meros* and *John C. Meros*, for appellant.

*Weston, Hurd, Fallon, Paisley & Howell* and *Timothy D. Johnson*, for appellee.

DYKE, Judge.

Appellant sustained a severe injury when his hand and arm were caught in a meat grinder. At the time of the injury, appellant was employed by Ladislav and Lawrence Vistein at their meat shop located at the West Side Market. On February 3, 1993, appellant brought suit against the manufacturer of the meat grinder, Hobart Manufacturing Company ("Hobart"). The Visteins were later joined as third-party defendants. The claims against the Visteins were settled and dismissed.

On March 23, 1994, appellant requested leave to file an amended complaint to add as a defendant Biro Sales, Inc. ("Biro"), a company which provided sharpened knives and plates for the meat grinder on a rental basis to the Visteins. The trial court granted appellant leave to file the amended complaint. The complaint asserted two causes of action specifically against Biro, as a statutory "supplier." The first claim was negligent failure to install a guard on the meat

grinder, and the second claim asserted a breach of a duty to warn of the dangerous nature of an unguarded grinder.

Biro filed a motion for summary judgment, attached to which was Paul Biro's affidavit. Biro asserted that it was not a supplier under the statutory definition contained in the Revised Code section governing products liability. Biro further asserted that even if it were found to be a supplier, a Biro representative had repeatedly warned the Visteins to obtain a guard for the grinder. The affidavit testimony averred that Paul Biro only exchanged newly sharpened blades for the worn blades and did not perform any work on the actual grinder. Biro also averred that he advised Lawrence Vistein each time he visited to exchange blades and that the grinder should not be operated without a guard.

Appellant filed a brief in opposition to Biro's motion for summary judgment. Appellant asserted that genuine issues of fact existed as to the issues of negligence and proximate cause. On July 11, 1995, the trial court granted Biro's motion for summary judgment.

Appellant's claims against Hobart were settled and dismissed on November 21, 1995. A timely notice of appeal was filed on December 13, 1995 from the trial court's determination of summary judgment in favor of Biro. Appellant asserts one assignment of error:

"The trial court erred to the substantial prejudice of plaintiff-appellant in granting summary judgment to defendant-appellee Biro Sales, Inc."

Appellant argues that as a supplier under R.C. 2307.71(O)(1), Biro had a duty to warn the Visteins of the dangerous nature of the unguarded meat grinder. Summary judgment was improper because whether appellee breached its duty of ordinary care is a question for the jury, according to appellant's argument. Appellant's argument is not well taken.

The Ohio Supreme Court has recently set forth the burdens of both parties with regard to a summary judgment determination:

"[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if

the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274.

Biro's motion for summary judgment satisfied the burden of the moving party to supply the court with specific evidence to demonstrate that appellant did not have evidence to support his assertion that Biro was a supplier under statutory products liability law.

A "supplier" is defined under R.C. 2307.71(O)(1):

" 'Supplier' means, subject to division (O)(2) of this section, either of the following:

"(a) A person that, in the course of a business conducted for the purpose, sells, distributes, leases prepares, blends, packages, labels, or otherwise participates in the placing of a product in the stream of commerce;

"(b) A person that, in the course of a business conducted for the purpose, installs, repairs, or maintains any aspect of a product that allegedly causes harm.

(2) 'Supplier' does not include any of the following:

"(a) A manufacturer;

"(b) A seller of real property;

"(c) A provider of professional services who, incidental to a professional transaction the essence of which is the furnishing of judgment, skill, or services, sells or uses a product;

"(d) Any person who acts only in a financial capacity with respect to the sale of a product, or who leases a product under a lease arrangement in which the selection, possession, maintenance, and operation of the product are controlled by a person other than the lessor."

Under R.C. 2307.78(A) a supplier is liable for compensatory damages if the plaintiff establishes by a preponderance of the evidence that the supplier was negligent and that negligence was a proximate cause of the harm. Appellant's complaint asserted that Biro was negligent in failing to install a guard on the meat grinder or otherwise make it safe. Appellant also claimed that Biro was negligent in failing to warn against the use of the unguarded grinder. Both claims of negligence could not stand unless appellant could respond to Biro's motion for summary judgment with specific facts showing that there is a genuine issue for trial as to whether Biro was in fact a supplier.

The deposition testimony of the Visteins and appellant failed to establish that Biro did anything to the grinder other than replace the blades. Ladislav Vistein testified in his deposition that he exchanged blades, old ones for newly sharpened ones, with the "rental man." Lawrence Vistein testified at one point that Biro performed no service other than replacing knives and blades. Later Lawrence averred that Biro took the old knife and plate out and put the new one in. Other than that statement, the evidence was uncontroverted that Biro did not even take the ring off the grinder to replace the knife and plate. He simply handed the newly sharpened blades to Lawrence Vistein and took the old ones to be sharpened.

Appellant cites cases regarding supplier liability in his brief. However, in these cases the supplier actually performed some type of modification to equipment or distribution of a product which is connected to the subsequently occurring injury. See *Lassiter v. Mackworth G. Rees Co.* (Oct. 19, 1995), Cuyahoga App. No. 68535, unreported, 1995 WL 614958 (defendant performed modification on the press to install a palm activation button at the height of the operator's hip); *Vercellotti v. YMCA of Greater Toledo* (May 8, 1992), Lucas App. No. L–91–121, unreported, 1992 WL 95368 (defendants sold canisters filled with pressurized chlorine without warning labels); and *Hargis v. Doe* (1981), 3 Ohio App.3d 36, 3 OBR 38, 443 N.E.2d 1008 (defendant sold solvent to plaintiff's employer without warning of flammable nature of contents on the drum containing the solvent).

The facts of the present case are easily distinguishable from these cases. Biro performed a service of leasing sharpened knives and plates to the Visteins for use in the grinder. In no way is that service connected to appellant's injury. Biro did not modify the grinder to render it more dangerous than necessary to grind meat. The knives obviously had to be sharp to enable the grinder to function as intended. The aspect of the grinder which caused the harm was the unguarded hopper where the meat was fed into the grinder. Biro's services were not connected to that aspect of the machine. The exception under subsection (2)(c) of R.C. 2307.71 applies to Biro. The connection to the grinder was only incidental to Biro's furnishing of professional sharpening services to the Visteins.

We hold that appellant, as the nonmoving party, failed to satisfy his reciprocal burden to provide facts showing a genuine issue for trial. Summary judgment was appropriately entered against appellant given appellant's inability to set forth evidence of Biro's status as a supplier. Appellant's assignment of error is overruled. The trial court's decision to grant summary judgment in Biro's favor is affirmed.

*Judgment affirmed.*

PORTER, P.J., and KARPINSKI, J., concur.