**TAYLOR**

v.

**OHIO REHABILITATION SERVICES COMMISSION et al.**

2002-Ohio-7409.]

Court of Claims of Ohio.

No. 2001–05138.

Decided Dec. 17, 2002.

Bernice C. Taylor, pro se.

Betty D. Montgomery, Attorney General, and Erica A. Walker, Assistant Attorney General, for defendant.

LEE HOGAN, Magistrate.

{¶ 1}  This case was scheduled for a trial to the court on the issues of liability, damages, and the civil immunity of three of defendant's employees:  Susan Harnicher, Robert Rabe, and Martha Bester.  However, by agreement of the court and counsel, the case was submitted on briefs.

{¶ 2}  Plaintiff brought this action against defendant, Ohio Rehabilitation Services Commission ("ORSC"), alleging the following:

{¶ 3}  "1) Defendant committed a TORT—breach of duty;  or negligently or intentionally failed to provide ongoing Psychotherapy as eligible and agreed, according to OAC 3304–2–54(G)(l ) that affect the employment and rehab needs of the client.  * * *

{¶ 4}  "2) Defendant malicious or reckless act of unauthorized practice of medicine.  By denying psychotherapy for plaintiff.  Defendant Martha Bester does not have a license in the state of Ohio to practice as a psychologist or Psychiatrists.  According to RC 4732.01(B) or procedures defined in RC 4732.01(C) or to treat or diagnose 'mental and emotional disorders.'

{¶ 5}  "3) Defendant Martha Rester & Robert L. Rabe discriminated negligently or willfully against plaintiff according to RC 3304–2–62(D) * * * ADA Section 504 disability schizophrenia, by not rendering program services of psychotherapy accessible to plaintiff when requested because plaintiff appearance did not fit the stereotype.

{¶ 6}  "4) Defendant committed a TORT—breach of duty;  or negligently or intentionally failed to provide social services (Day-care) while attending BOSS course as eligible for according to OAC 3304–2–54(G)(1) that affect the employment and rehab needs of the client.  * * *

{¶ 7}  "5) Defendant, Martha Rester (counselor) willfully violated TORT laws with malice & frolic.  Negligently disregarding the Plaintiffs interest and impairment, alienation of affections, & willfully or negligently violated Ohio's Code of Ethics Law 102.031(D)-(E), Conflict of Interest.  * * *

{¶ 8}  "6) Defendant, Suzanne Harnicher & Robert Rabe Discriminated negligently or willfully against plaintiff according to [OAC] 3304–2–62(D).  * * * Defendants violated plaintiff's Civil Rights by not assigning a counselor within an 8th month period to continue program services.

{¶ 9}  "7) Defendant, Robert Rabe either intentionally or negligently violated OAC 3304–2–62(B)(1) with the attempt to delay internal resolution hearing. * * *

{¶ 10}  "8) Defendants, either intentionally or negligently violated Breech of Contract.  By not providing Psychotherapy or funding for plaintiffs business."

{¶ 11}  Collectively, the substance of these allegations is that ORSC failed to provide plaintiff with the services she desired.  As preliminary issues, ORSC maintains both that plaintiff's complaint is barred by the statute of limitations and that this court lacks jurisdiction as a result of plaintiff's failure to exhaust her administrative remedies.  Further, ORSC contends that, even assuming that plaintiff's complaint could survive those legal obstacles, she has failed to present any evidence to substantiate her claims.

{¶ 12}  This court does not agree with ORSC's argument concerning the statute of limitations.  That argument is premised upon the contention that because plaintiff dismissed her first complaint on April 24, 2000, and did not refile until May 7, 2001, she exceeded the one-year period allowed for refiling under R.C. 2305.19, the Ohio saving statute.  However, plaintiff did not file a voluntary dismissal on April 24.  Rather, the case was called for trial on that date, and, finding that plaintiff was unable to proceed, the trial judge offered her the opportunity to dismiss her case without prejudice.  The court then journalized a dismissal entry on May 8, 2000.

{¶ 13}  Civ.R. 41(A)(1) provides:

{¶ 14}  "[A] plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

{¶ 15}  "(a) *filing* a notice of dismissal at any time before the commencement of trial * * *;

{¶ 16}  "(b) *filing* a stipulation of dismissal signed by all parties who have appeared in the action."  (Emphasis added.)

{¶ 17}  The mere filing of a notice of dismissal by a plaintiff "automatically terminates the case without intervention by the court." *Payton v. Rehberg* (1997), 119 Ohio App.3d 183, 192, 694 N.E.2d 1379.  However, the filing of the notice is required; a plaintiff cannot voluntarily dismiss a complaint pursuant to Civ.R. 41(A)(1) through an oral motion made in open court. *Douthitt v. Garrison* (1981), 3 Ohio App.3d 254, 444 N.E.2d 1068.

{¶ 18}  Here, the court's May 8, 2000, entry states that the dismissal was granted under Civ.R. 41(A)(1); however, the language of the entry otherwise makes clear that the dismissal was made by order of the court under Civ.R. 41(A)(2).  That rule provides, "[A] claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper."  The court's order was not effective until the date it

was filed. Therefore, plaintiff's May 7, 2001, complaint was timely filed in accordance with R.C. 2305.19.

{¶ 19} The court does agree that plaintiff failed to exhaust her administrative remedies. The last action taken by plaintiff was an appeal to the ORSC. Plaintiff filed that appeal because she was dissatisfied with the services she was receiving. A report of the hearing officer's findings of fact and conclusions of law was filed on March 30, 1998. Plaintiff had a right to appeal that decision pursuant to R.C. 3304.20 and Chapter 119.12.

{¶ 20} R.C. 3304.20 provides:

{¶ 21} "Any person applying for or receiving vocational rehabilitation services who is dissatisfied with regard to the furnishing or denial of services, may file a request for an administrative review and redetermination of that action in accordance with rules of the rehabilitation services commission. When the person is dissatisfied with the finding of this administrative review, he is entitled, in accordance with commission rules and in accordance with Chapter 119 of the Revised Code, to a fair hearing before the administrator of the rehabilitation services commission."

{¶ 22} R.C. 119.12 provides:

{¶ 23} "Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county * * *.

{¶ 24} "* * *

{¶ 25} "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."

{¶ 26} ORSC contends that plaintiff's failure to file an appeal of the commission's decision within 15 days after the March 30, 1998, report is a jurisdictional defect that precludes this court from hearing her case. While it is clear that plaintiff failed to file an appeal within the 15–day time limit, ORSC's argument assumes that the Court of Claims would have subject-matter jurisdiction to review the decision of the hearing officer had plaintiff timely filed. That is not the case.

{¶ 27} The jurisdiction of this court is limited by R.C. 2743.02, wherein the state waives its immunity from liability and consents to be sued and have its liability determined in the Court of Claims. The waiver, however, exists only as

to causes of action that existed before the enactment of the Court of Claims Act, effective January 1, 1975, but were barred by sovereign immunity.

█ {¶ 28} As stated by the court in *Racing Guild of Ohio, Local 304 v. State Racing Comm.* (1986), 28 Ohio St.3d 317, 319, 28 OBR 386, 503 N.E.2d 1025, "any type of action against the state which the courts entertained prior to the Act may still be maintained outside the Court of Claims."

{¶ 29} Accordingly, because plaintiff's claims are governed by administrative procedures that existed before enactment of the Court of Claims Act, this court lacks subject-matter jurisdiction to hear her claims. Specifically, R.C. Chapter 119, the Administrative Procedures Act, became effective on October 1, 1953. R.C. Chapter 3304, which governs worker retraining, became effective September 9, 1970. The Ohio Administrative Code sections cited in plaintiff's complaint were promulgated under R.C. Chapter 119, and are either "authorized" by or deemed to "amplify" R.C. Chapter 3304. These statutes make clear that plaintiff was required to follow the administrative procedures of the agency and that her right to appeal was limited to the Franklin County Court of Common Pleas. It has consistently been held that an action in this court cannot become a substitute for a statutorily created right of appeal in a different court. *Midland Ross Corp. v. Indus. Comm.* (1992), 63 Ohio Misc.2d 311, 629 N.E.2d 1091. Therefore, judgment is recommended for ORSC on this basis.

{¶ 30} Although plaintiff couches her claims in terms of negligence and intentional tort, plaintiff is in essence seeking a declaration that the commission erred in its determination of the facts and law pertaining to her claim. That process is inherently an administrative review, as previously discussed, and this court can find no separate cause of action available to plaintiff under either a negligence or intentional tort theory based upon the allegations in the complaint.

█ {¶ 31} For example, in order to establish a claim of negligence, plaintiff would be required to prove, by a preponderance of the evidence, that ORSC owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 423 N.E.2d 467. Actionable liability is premised upon conditions involving an unreasonable risk of harm to another. *Sams v. Englewood Ready–Mix Corp.* (1969), 22 Ohio App.2d 168, 51 O.O.2d 315, 259 N.E.2d 507.

{¶ 32} Here, there is no vested right to continued support from the commission. *In re Miller* (June 28, 1984), Franklin App. No. 83AP–1203, 1984 WL 5810. Rather, ORSC provides a variety of benefits to persons who meet the eligibility requirements set forth under Ohio Adm.Code 3304–2–54. Pursuant to Subsection (A), only a rehabilitation services counselor or a supervisor acting as a counselor may determine eligibility. The benefits and services are available only

as long as the person remains eligible. Thus there is no "duty owed" to provide the services, as that term is used in connection with tort law. Accordingly, this court finds that plaintiff failed to state a claim for negligence.

{¶ 33} With respect to the alleged intentional acts, plaintiff is required to show that ORSC's failure to provide, or to continue, the desired services was an action committed with the intent to injure plaintiff or committed with the belief that injury was substantially certain to occur. See *Jones v. VIP Dev. Co.* (1984), 15 Ohio St.3d 90, 15 OBR 246, 472 N.E.2d 1046. A denial of services based upon ineligibility or upon some failure to comply with the conditions for receipt of benefits is simply a judgment call of the agency; it is neither negligent nor intentional. Moreover, as stated above, the commission's decision is subject to administrative review and an appeal under R.C. 119.12. Accordingly, the court finds that plaintiff failed to state a claim in intentional tort.

{¶ 34} As a result of these conclusions, the court is compelled to find that ORSC employees, Susan Harnicher, Robert Rabe, and Martha Bester did not act outside the scope of their employment in their interactions with plaintiff. "It is only where the acts of state employees are motivated by actual malice or other such reasons giving rise to punitive damages that their conduct may be outside the scope of their state employment." *James H. v. Dept. of Mental Health & Mental Retardation* (1980), 1 Ohio App.3d 60, 61, 1 OBR 6, 439 N.E.2d 437. Even if an employee's act is wrongful, unnecessary, unjustified, excessive, or improper, the act does not automatically fall outside the scope of employment. *Thomas v. Ohio Dept. of Rehab. & Corr.* (1988), 48 Ohio App.3d 86, 548 N.E.2d 991. Consequently, the named employees are entitled to civil immunity pursuant to R.C. 9.86 and 2743.02(F), and the courts of common pleas do not have jurisdiction over civil actions against them based upon the allegations in this case.

{¶ 35} In summary, the court finds that plaintiff's complaint is not barred by the statute of limitations, but that this court lacks jurisdiction to hear her claims. Further, even if the court could determine plaintiff's claims, plaintiff has failed to state a claim for negligence or intentional tort. Consequently, it could not be found that ORSC's employees acted outside the scope of employment, or with malicious purpose, in bad faith, or in a wanton or reckless manner. For all of the foregoing reasons, judgment is recommended in favor of defendant.

Judgment for defendant.