[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.Rep.Op. 3(A).
 {¶ 2} Defendant-appellee Vulcan Equipment Co. ("Vulcan") is the manufacturer of the "Impactor." The "Impactor," which is designed to function as a high-speed sledgehammer, is used to break off pieces of metal, called risers, from larger castings. Plaintiffs-appellants Kevin Ray Hicks and Michael David Offill were employees of Hamilton Foundry who had been injured by risers struck by the "Impactor." Hicks had been injured when a riser ricocheted off a wall and hit him in the face. Offill had been injured when a fellow employee used the "Impactor" to strike a riser, which flew across the room and hit Offill in the face.
 {¶ 3} Hicks and Offill filed a complaint against Vulcan, raising claims for strict liability, negligence and failure to warn. The trial court granted summary judgment in favor of Vulcan on all claims.
 {¶ 4} The first assignment of error, alleging that the trial court erred in granting Vulcan's motion for summary judgment on the negligence claims, is overruled.
 {¶ 5} In November of 1997, Vulcan employees visited Hamilton Foundry, where Hatachi equipment was being used to break off the risers. Vulcan manufactured the "Impactor" and shipped it to Hamilton Foundry. When a Vulcan employee later visited Hamilton Foundry to install the "Impactor," he learned that it had already been installed and was operating. A second "Impactor" was later shipped to Hamilton Foundry. Before and after the "Impactors" were sold, Vulcan provided Hamilton Foundry with more than adequate warnings concerning the potential for risers to become projectiles and to cause injury. The record reveals that the plaintiffs, along with everyone else involved, were aware of the danger that risers could become projectiles and cause injury. Further, Vulcan had made it clear that the installation of safety equipment was the duty of the "end user."
 {¶ 6} Vulcan discharged any duty it may have had to warn about the potential of flying risers. There is no authority for imposing upon Vulcan the onerous duties of removing the previously installed "Impactor" from Hamilton Foundry, or of refusing to sell the second "Impactor" until certain safety equipment had been installed and monitoring Hamilton to ensure its appropriate installation. Further, there is no authority for requiring Vulcan to install safety equipment at Hamilton Foundry.
 {¶ 7} The second assignment of error, which alleges that the trial court erred in granting summary judgment in favor of Vulcan on the R.C.2307.75(A)(2) claims for defective design, is overruled.
 {¶ 8} The record is devoid of evidence that the "Impactor" was defective in that it was more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner. See R.C. 2307.75(A)(2); Bleh v. Biro Manufacturing Co. (2001),142 Ohio App.3d 434, 756 N.E.2d 121. The evidence showed that everyone involved, including the plaintiffs, was aware that the risers could become projectiles. In fact, the danger that risers could become projectiles was recognized before the "Impactor" was installed, when the breaking was done by sledgehammer or by other machinery. There is nothing to show that the "Impactor" increased the expected danger.
 {¶ 9} The third assignment of error, which alleges that the trial court erred in granting summary judgment in favor of Vulcan on the R.C.2307.76 claims for inadequate warnings, is overruled.
 {¶ 10} There is no duty to warn of dangers inherent in the use of a product if those dangers are generally known and recognized. See Chasev. Brooklyn City School District (2001), 141 Ohio App.3d 9, 749 N.E.2d 798;Livengood v. ABS Contractors Supply (1998), 126 Ohio App.3d 464,710 N.E.2d 770; Sapp v. Stoney Ridge Truck Tire (1993), 86 Ohio App.3d 85,619 N.E.2d 1172; Taylor v. Yale Towne Manufacturing Co. (1987),36 Ohio App.3d 62, 520 N.E.2d 1375.
 {¶ 11} All the evidence demonstrates that the danger of flying risers was open, obvious and appreciated by Hicks and Offill. Flying risers were a recognized danger before the installation of the "Impactor," when the breaking was done by hand using sledgehammers and other machinery. Because the danger that risers could become projectiles was generally known and recognized, Vulcan had no duty to warn Hicks and Offill.
 {¶ 12} In addition, there is no evidence of a causal connection between the alleged failure to warn and the plaintiffs' injuries. Both the plaintiffs and their employer were aware of the dangers of risers becoming projectiles. We fail to see how any warnings by Vulcan could have prevented the accidents. See Hargis v. Doe (1981), 3 Ohio App.3d 36,443 N.E.2d 1008.
 {¶ 13} Finally, we point out that Vulcan supplied Hamilton Foundry with more than adequate warnings about the propensity of risers to become projectiles and the dangers of operating the "Impactor" without proper safety equipment.
 {¶ 14} Therefore, the judgment of the trial court is affirmed.
 {¶ 15} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.