TAYLOR, APPELLANT, *v.* YALE & TOWNE MANUFACTURING COMPANY, N.K.A. YALE MATERIAL HANDLING CORPORATION, APPELLEE.

(No. 12642 — Decided February 25, 1987.)

*Peter D. Oldham* and *Jack Morrison, Jr.,* for appellant.

*John Martindale* and *Mari Leigh,* for appellee.

MAHONEY, P.J.  Plaintiff, Robert E. Taylor, appeals from three directed verdicts for Yale & Towne Manufacturing Company, n.k.a. Yale Material Handling Corporation ("Yale"). We affirm.

### Facts

Robert E. Taylor was employed as a pipe fitter by Goodyear Tire & Rubber Company ("Goodyear"). On July 10, 1982, Taylor was injured as the result of an explosion in the cement house at Goodyear. Taylor testified that he had been assigned to unplug a drain in the "mix center" of the cement house on the morning in question.

During the course of repairing the drain, a liquid began dripping from the mixer and Taylor observed fumes. Taylor recognized that the situation was potentially dangerous. He in-

formed a co-worker that they should evacuate the area. Taylor and his co-worker had arrived in the cement house on an electric Cushman scooter. Taylor pushed the scooter into the hall and started the vehicle.

Another Goodyear employee had been working in the cement house with an industrial truck manufactured by Yale and purchased by Goodyear in 1950. After Taylor started the Cushman, he turned and observed a "flash" at the Yale vehicle. Taylor testified that he was engulfed in flames a few seconds later. James R. Sessick, a Goodyear employee who investigated the fire, testified that sparks from either the Cushman or the Yale vehicle started the fire.

Taylor brought this action, naming Goodyear, Yale, and various others as defendants. The only defendant remaining at the time of trial was Yale. At the close of Taylor's case in chief, Yale moved the trial court for a directed verdict as to all counts. The trial court granted Yale's motion and this appeal followed.

Assignment of Error I

"The trial court erred as a matter of law by directing a verdict for defendant on plaintiff's cause of action for negligence."

In order to sustain a Civ. R. 50(A) motion for a directed verdict, there must be an absence of any substantial competent evidence to support the party against whom the motion is made. *Strother* v. *Hutchinson* (1981), 67 Ohio St. 2d 282, 21 O.O. 3d 177, 423 N.E. 2d 467. Neither the weight of the evidence nor the credibility of the witnesses is considered. *Id.* at 284-285, 21 O.O. 3d at 179, 423 N.E. 2d at 469.

All of Taylor's claims against Yale involve the fact that, in 1950, Yale failed to place a label on the industrial truck that it sold to Goodyear, warning users of the vehicle's propensity to spark. Taylor's first claim states a negligent failure-to-warn cause of action. On appeal, Taylor contends that substantial evidence was presented at trial as to every element of this cause and, consequently, a directed verdict for Yale was improper.

The trial court held that Taylor failed to introduce any evidence tending to show that Yale's alleged failure to warn was the proximate cause of the explosion which resulted in Taylor's injuries. While we do not agree with the trial court's reasoning, we do agree that Yale was entitled to a directed verdict. An appellate court will not reverse a correct judgment merely because a lower court assigned erroneous reasons as the basis of the judgment. See *Agricultural Ins. Co.* v. *Constantine* (1944), 144 Ohio St. 275, 284, 29 O.O. 426, 430, 58 N.E. 2d 658, 663.

In Ohio, a manufacturer or vendor is liable for negligence when the manufacturer or vendor "has knowledge of a *latent* defect rendering a product unsafe and fails to provide a warning of such defect." (Emphasis added.) *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 325, 4 O.O. 3d 466, 471, 364 N.E. 2d 267, 273. See, also, *Sams* v. *Englewood Ready-Mix Corp.* (1969), 22 Ohio App. 2d 168, 51 O.O. 2d 315, 259 N.E. 2d 507. Hence, no duty to warn arises unless a defect is not obvious to a user.

In the case at bar, the record is devoid of any evidence indicating that the Yale industrial truck's propensity to spark was a latent defect. The only record evidence concerning this point indicates that the vehicle's propensity to spark was fairly obvious. When asked to mark on a diagram the area of the Yale truck where he saw a "flash" occur, Taylor testified:

"When they flashed, you *usually* seen them right in this area right here." (Emphasis added.)

We recognize that a product user, such as Taylor, may not necessarily recognize atmospheres which are potentially explosive, absent a warning of the condition. However, imposing a duty on manufacturers to warn of a product's obvious propensity to spark would not solve this problem.

Having failed to introduce any evidence indicating that the Yale truck's propensity to spark was a latent condition, Taylor's negligence claim must fail. The first assignment of error is overruled.

### Assignments of Error II and III

"The trial court erred as a matter of law by directing a verdict for defendant on plaintiff's cause of action for strict products liability for a design defect.

"The trial court erred as a matter of law by directing a verdict for defendant on plaintiff's cause of action for strict products liability for failure to warn."

Both of these assignments of error involve theories of strict liability in tort. In Ohio, the general rule regarding strict products liability is:

"(1)  One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a)  the seller is engaged in the business of selling such a product, and

"(b)  it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2)  The rule stated in Subsection (1) applies although

"(a)  the seller has exercised all possible care in the preparation and sale of his product, and

"(b)  the user or consumer has not bought the product from or entered in-

to any contractual relation with the seller." 2 Restatement of the Law 2d, Torts (1965) 347, Section 402A; *Temple* v. *Wean United, Inc., supra.*

Assignment of error two addresses a cause of action in strict liability for a design defect in the Yale truck. The proper legal standard to be applied in strict liability cases alleging a design defect in a manufactured product is:

"A product design is in a defective condition if it is more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner *or* if the benefits of the challenged design do not outweigh the risk inherent in such design. * * *" (Emphasis added.) *Knitz* v. *Minster Machine Co.* (1982), 69 Ohio St. 2d 460, 23 O.O. 3d 403, 432 N.E. 2d 814, syllabus.

The *Knitz* standard sets forth a single, two-prong test for determining whether a product design is defective. *Cremeans* v. *International Harvester Co.* (1983), 6 Ohio St. 3d 232, 6 OBR 302, 452 N.E. 2d 1281.

In the case at bar, the trial court held that there was no evidence presented by Taylor tending to show that the Yale truck was defectively designed. We agree. The record reveals that the only defect identified at trial was the lack of a warning label on the Yale truck. As to any other alleged defect in the vehicle, Taylor presented no evidence upon which a jury could have relied in applying the *Knitz* test.

Assignment of error three directly addresses the question of whether Yale is strictly liable for failing to provide a warning of its vehicle's propensity to spark. There is some controversy in Ohio as to whether an action for failure to warn sounds in both negligence and strict liability. Compare *Krosky* v. *Ohio Edison Co.* (1984), 20 Ohio App. 3d 10, 20 OBR 10, 484 N.E. 2d 704, with *Hardiman* v. *Zep Mfg. Co.* (1984), 14 Ohio

App. 3d 222, 14 OBR 250, 470 N.E. 2d 941. Clearly, a manufacturer of an unavoidably unsafe ethical drug may be held strictly liable for failure to provide adequate warnings. See *Seley* v. *G. D. Searle & Co.* (1981), 67 Ohio St. 2d 192, 197, 21 O.O. 3d 121, 124, 423 N.E. 2d 831, 836.·

We need not resolve this controversy here. Assuming *arguendo* that strict liability for inadequate warnings is not limited to manufacturers of ethical drugs and may be extended to manufacturers of other unavoidably unsafe products, Yale was nevertheless entitled to a directed verdict.

In discussing when warnings may be required, the Restatement of the Law 2d, Torts, *supra,* Comment *j* to Section 402A, at 353, provides:

*"Directions or warning.* In order to prevent the product from being unreasonably dangerous, the seller may be required to give directions or warning, on the container, as to its use. * * *

"But a seller is not required to warn with respect to products, * * * when the danger, or potentiality of danger, is generally known and recognized. * * *"

We find this provision similar to the requirement in a negligent failure-to-warn action that the defect complained of be latent. In the case at bar, no evidence was presented which tended to show that the Yale truck's propensity to spark was anything but obvious.

Assignments of error two and three are overruled.

### Summary

Taylor's three assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and HOFSTETTER, JJ., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment in the Ninth Appellate District.