**KOEPKE et al., Appellants,**

v.

**CROSMAN ARMS COMPANY et al., Appellees; Gentry et al.**

[Cite as *Koepke v. Crosman Arms Co.* (1989), 65 Ohio App.3d 1.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880486.

Decided Sept. 27, 1989.

*Clements, Mahin & Cohen* and *Edward Cohen,* for appellants.

**2**

*Bloom & Greene Co., L.P.A., Stephen K. Shaw* and *Nancy Korb Griffiths,* for appellees.

---

*Per Curiam.*

Plaintiffs-appellants, James Koepke and his parents, appeal from the summary judgment entered against them on their product-liability claims against defendants-appellees, Crosman Arms Company and Swallen's, Inc. The record reveals that on October 7, 1985, thirteen-year-old James Koepke and several other boys were playing in the back yard of a home owned by defendants Robert and Karen Gentry. Defendant Scott Wilson had brought his two BB guns and the boys took turns shooting the guns at targets. Ten-year-old defendant Greg Gentry picked up one of the guns and shot it toward a tree house; James Koepke was standing in the tree house and was injured when the BB struck him in the eye. The gun was manufactured by defendant-appellee Crosman and was a gift to Scott Wilson from his father, defendant Robert Wilson, who had purchased it from defendant-appellee Swallen's.

James Koepke and his parents filed this action, asserting various claims of negligence and product liability against the above-named defendants and against Fred and Joyce Schlesiger, Scott Wilson's mother and stepfather, and Sean Gentry, Greg's brother. Appellants entered settlements first with the Wilsons and Schlesigers, and separately with the Gentrys. Appellees Crosman and Swallen's were granted summary judgment, and this appeal followed.

Appellants' single assignment of error challenges the trial court's entry of summary judgment. Appellants contend that summary judgment was improper both on their claim that appellees should be held strictly liable in tort, and their claim that appellees negligently failed to provide adequate warning of the dangers associated with the BB gun. We find the assignment of error to be without merit.

Appellants' only argument with respect to their strict-liability theory is that there are questions of fact involved in the application of the risk-benefit test adopted in *Knitz v. Minster Machine Co.* (1982), 69 Ohio St.2d 460, 23 O.O.3d 403, 432 N.E.2d 814. The syllabus of *Knitz* provides in pertinent part that "[a] product design is in a defective condition if * * * the benefits of the challenged design do not outweigh the risk inherent in such design." By its terms, *Knitz* applies only to allegations of defective design. However, appellants specifically admit that the BB gun in this case contained no design defects. In *Caveny v. Raven Arms Co.* (S.D.Ohio 1987), 665

F.Supp. 530, affirmed without opinion (C.A.6, 1988), 849 F.2d 608 (applying Ohio law), the court held that the *Knitz* risk-benefit theory of liability "is only applicable in situations in which a product has functioned improperly, not when products have functioned as intended. * * * In other words, the risk/utility test is only proper when the product could be made safer through an alternative design and not when the product is by its nature dangerous." 665 F.Supp. at 532–533. Accord *Francis v. Diamond Internatl. Corp.* (Dec. 30, 1985), Butler App. No. CA84–09–111, unreported, 1985 WL 4793, motion to certify record overruled (May 28, 1986), No. 86–343. In the absence of any allegation by appellants that the BB gun functioned improperly, we conclude that the risk-benefit test does not apply in this case and we therefore reject appellants' argument as it relates to strict liability.

Appellants also argue that appellees were negligent in failing to warn expected users of the BB gun as to the foreseeable dangers involved in its use. We disagree, based upon the rule that manufacturers and vendors do not have a duty to warn of dangers that are open and obvious to the user of a product. See, *e.g., Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267; *Taylor v. Yale & Towne Mfg. Co.* (1987), 36 Ohio App.3d 62, 520 N.E.2d 1375; *Hall v. Sun Oil Petroleum Products* (Sept. 28, 1984), Lucas App. No. L–84–084, unreported, 1984 WL 14378. There is obvious danger in firing a loaded BB gun toward a person, and Greg Gentry testified at his deposition that he was fully aware of such danger when he shot toward appellant. Gentry stated that he was familiar with and knew how to use a BB gun, having used his father's BB gun for at least a year; that he knew to be careful with the gun; that he knew not to aim it toward anyone; and that he was aware injury could result.

We therefore find that appellees had no duty to warn of the obvious dangers associated with the BB gun. Nevertheless, appellee Crosman did provide extensive warnings, in the form of a clearly marked "Caution" statement and a "Special Message to Parents" with each package, both providing that the gun should always be used with adult supervision. In addition, appellee Swallen's had a longstanding policy not to sell BB guns to people under the age of eighteen. To impose a duty upon manufacturers and sellers to make certain that BB guns are always used with adult supervision, or otherwise to safeguard against obvious dangers, would in effect make them insurers of their product. Such a rule would also be so broad-ranging as to amount to judicial legislation, which is not a function of this court.

Accordingly, having determined that there are no genuine issues of material fact and that appellees are entitled to judgment as a matter of law, we

**4**

overrule the single assignment of error. The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KLUSMEIER and GORMAN, JJ., concur.