OPINION
Appellant, Marvin Crenshaw, brought suit seeking damages resulting from what appellant alleged was appellees' wrongful denial of his public assistance benefits. On appellees' motion for summary judgment, the trial court found that all of the grounds for relief appellant raised had or could have been raised in a prior adjudication captioned Crenshaw v. Lucas County Dept.of Human Services (Sept. 29, 1997), Lucas C.P. No. G-4801-CI-01199704537, unreported. The trial court then granted appellees' motion, concluding that the action was barred by the doctrine of res judicata. Appellant now appeals that decision.
 "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp.
(1995), 73 Ohio St.3d 379, 382.
This includes all rights of a plaintiff to remedies against a defendant with respect to "* * * all or any part of the transaction, or series of connected transactions, out of which the action arose." Id. at 313, quoting 1 Restatement of Law 2d, Judgments (1982) 196, Section 24(1).
We have compared the issues litigated in Crenshaw v.Lucas Co. Dept. of Human Svcs. (Sept. 29, 1992), with the allegations contained in the present case, and we conclude that the allegations in each arose from the same transaction. We note, however, that the first action sought an injunction ordering the Lucas County Department of Human Services to reinstate appellant's benefits. Ancillary to that were a number of motions the gist of which duplicate the claims presented here. The trial court in the first case (G-4801-CI-01199704537) found appellant's request for injunctive relief moot as his benefits had already been reinstated at the time the court ruled. With respect to the remaining relief which appellant sought, the court found these issues were not yet ripe as appellant had failed to exhaust his administrative remedies. Upon these considerations, the first trial court dismissed the case with prejudice.
Regarding appellee Ohio Department of Human Services, the doctrine of res judicata is unavailable as it was not a party to or in privity to a party in the first action. See Whitehead v.General Telephone Co. (1969), 20 Ohio St.2d 108, paragraph one of the syllabus as modified by Grava, supra. With respect to both appellees, a court's refusal to rule on an issue not yet ripe is not a judgment on the merits and cannot, therefore, form the basis of claim preclusion. See Id. at 382.
Notwithstanding this, we must affirm the trial court's decision, but for other reasons. See Taylor v. Yale Towne Mfg.Co. (1987), 36 Ohio App.3d 62, 63. It is a well-established principle of Ohio law that prior to seeking court action in an administrative matter, a party must exhaust the available avenues of administrative relief through an administrative appeal.Noernberg v. Brook Park (1980), 63 Ohio St.2d 26, 29, quoted inNemazee v. Mt. Sinai Medical Center (1990), 56 Ohio St.3d 109,111. In fact, it has been held that a court is without jurisdiction to hear a claim for which available administrative remedies have not been exhausted. Noernberg, syllabus.
R.C. Chapter 119 sets the procedure by which one may obtain and contest an adjudicatory order from any state administrative agency, including the department of human services. R.C. 2506.01 provides a mechanism to appeal the decisions of any department of a political subdivision of this state, including the Lucas County Department of Human Services. Appellees represent, although the record does not demonstrate, that appellant is exploring administrative channels on his claim. If he has completed the administrative process, this case should arise through an appeal pursuant to either R.C. Chapter 119 or R.C. Chapter 2506. However, it does not now so arise. Appellant, therefore, has either failed to exhaust his administrative remedies or chosen an inappropriate means of contesting the results of those proceedings. In either case, he was not properly before the trial court and his claim should have been dismissed.
Accordingly, appellant's single assignment of error is found not well-taken. Pursuant to App.R. 12(B), appellant's case is dismissed. Costs to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J.
 George M. Glasser, J.
 James R. Sherck, J.
CONCUR.
This matter is before the court sua sponte. It has come to this court's attention that the trial court number listed in the caption of the above-referenced case in this court's opinion and judgment entry dated May 22, 1998, is incorrect. We hereby issue an errata as to that error. The trial court number in the caption of this case shall read CI97-4722.
It is so ordered.
James R. Sherck, J.