This is an appeal from a judgment of the Wood County Court of Common Pleas, declaring that appellee, Heather L. Heyman, was entitled "to her underinsured claim against Defendant [West American Insurance Company] as her damages exceed the limits of all available coverages to her."
Western American Insurance Company ("Western American") appeals this judgment and asserts the following error occurred in the proceedings below:
 "THE TRIAL COURT FAILED TO ADDRESS AND DETERMINE THAT THE ANTI-STACKING PROVISIONS OF APPELLANT'S POLICY PRECLUDE AN UNDERINSURED CLAIM UNDER SAVOIE V. GRANGE AND ITS PROGENY."
This case was submitted to the court as a trial on the briefs. The stipulated facts of the case reveal that Heyman was injured in an automobile accident on May 15, 1994, and that the accident was caused by the negligence of the other driver involved. At the time of the accident, the tortfeasor had motor vehicle liability insurance with a per person limit of $100,000. Heyman, who resided with her father, Kenneth Heyman, had underinsured motorist coverage with her own insurer, Grange Mutual Automobile Insurance Company, with a per person limit of $100,000. Heyman's father had underinsured motorist coverage under a policy issued by West American with a per person limit of $100,000. Coverage under the Western American policy began on April 30, 1994.
Heyman's claims for damages arising out of the accident exceeded the limits of all available coverage. After notifying Western American, Heyman settled her claims against the tortfeasor and Grange for the $100,000 limits of each policy.
Heyman then commenced the instant declaratory judgment action against Western American seeking a declaration that she was entitled to coverage and benefits pursuant to the underinsured motorist provisions of her father's Western American policy. Western American answered and counterclaimed, asserting that, among other things, the policy issued to Kenneth Heyman contained a valid anti-stacking clause applicable to Heyman's claim. Therefore, Western American asked the court to declare that the insurance company had no duty or obligation to provide coverage, indemnity or any other payment to Heyman.
In its trial brief, Western American argued that it was entitled to judgment as a matter of law because R.C.3937.18(G), as effective October 20, 1994, was applicable to this case and expressly allows the inclusion and enforcement of anti-stacking clauses in a motor vehicle insurance policy. In its initial brief and reply brief, Western American focused on the accrual date of Heyman's underinsured motorist claim. In the alternative, Western American contended that under prior law, as set forth in former R.C. 3937.18 and interpreted inSavoie v. Grange (1993), 67 Ohio St.3d 500, paragraph two of the syllabus, a motor vehicle policy containing a provision excluding "intrafamily stacking" was valid and enforceable. "Intrafamily stacking" occurs when family members living in the same household seek to combine their underinsured/uninsured coverages to compensate an injury to one of those family members. Id. at 506.
In her brief, Heyman asserted that: (1) the law inSavoie was the correct law to apply to this case; (2) pursuant to paragraph three of the syllabus in Savoie, she was entitled to coverage under the Western American policy; and (3) under the appellate cases dealing with intrafamily stacking after theSavoie decision, this case did not involve such stacking because Heyman and her father held motor vehicle insurance policies with two different companies and were, therefore, not afforded reduced premiums.
In its October 14, 1997 judgment entry, the trial court determined that Heyman's underinsured motorist claim accrued on the date of the accident, May 15, 1994. The court then concluded that former R.C. 3937.18(A) (2) and Savoie were applicable to this case. The court held that because Heyman's damages exceeded the monies available to be paid by the tortfeasor's liability carrier, she must be paid her underinsurance claim against Western American. See Savoie,supra, paragraph three of the syllabus. The common pleas court never addressed the issue of intrafamily stacking.
In their first briefs filed on appeal, the parties argued the merits of two issues. First and foremost was the issue of the date that Heyman's claim accrued. The second issue was intrafamily stacking. Upon Western American's request, this court stayed this case until the Ohio Supreme Court's decision in Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281. In Ross, supra, at 289, the Ohio Supreme Court determined:
 " * * * for the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties."
After we lifted the stay, the parties filed amended briefs. The sole issue raised by Western American is whether the trial court erred in failing to consider the question of intrafamily stacking and the enforceability, under Savoie, of a provision in an underinsured motorist insurance policy excluding this type of stacking. Essentially, Western American asks this court to consider this issue, reverse the trial court on this basis and declare, as a matter of law, that Heyman could not stack intrafamily policies and therefore has no underinsured claim.
Initially, this court must determine the proper course to follow in disposing of this appeal. Generally, where a trial court reaches a correct judgment based upon faulty reasoning, an appellate court can affirm that judgment on the correct ground. Taylor v. Yale Towne Mfg. Co. (1987), 36 Ohio App.3d 62,63. While the trial court's judgment in this case is not based on an erroneous ground, the reasoning in the judgment is faulty because it does not discuss and determine a dispositive issue raised by Western American. The facts in this case are undisputed, the issue raised is a question of law and the issue was raised in the trial court. Therefore, this court shall consider the "intrafamily stacking" issue and, for the following reasons, affirm the trial court's judgment.
It is undisputed that the underinsured motorist provisions in the Western American policy contain an unambiguous "OTHER INSURANCE" clause that excludes intrafamily stacking of coverages. In Savoie, supra, at paragraph two of the syllabus, the court held, in material part:
 "Insurers may contractually preclude intrafamily stacking-the stacking of uninsured/underinsured limits of policies and coverages purchased by family members living in the same household. Insurers may not preclude interfamily stacking-the aggregation of uninsured/underinsured limits of policies purchased by two or more people who are not members of the same household. * * * "
Western American contends that this syllabus law governs this case and renders its anti-stacking clause valid and enforceable. Heyman points, however, to several appellate cases, including one from our own district, that apply the rule of the second syllabus in Savoie only in conjunction with the reasoning in support of that holding.
According to Savoie, " '[i]ntrafamily' stacking occurs when an individual or an entire family is insured by several separate uninsured/underinsured policies insuring different vehicles." Id. at 507. The Savoie court reasoned that in situations involving intrafamily stacking, premiums usually are reduced permitting the restriction of benefits. Id. However, in interfamily stacking, the premiums are not reduced; therefore, the insurer cannot reduce benefits by excluding the stacking of uninsured/underinsured limits of family members' policies. Id.
Based on this rationale, appellate courts have determined that in order for the second syllabus in Savoie to apply to a particular case where an intrafamily stacking exclusion is involved, evidence that the family members received reduced premiums as a result of their multiple policies is necessary. See Winkhart v. State Farm Ins. Co. (1996), 116 Ohio App.3d 794,799; Cox v. Grange Mut. Cas. Co. (Sept. 17, 1997), Medina App. No. 2646-M, unreported; Sayed v. Prudential Property andCas. Co. (Feb. 16, 1997), Lucas App. No. L-95-147, unreported;Cole v. Motorists Mutual Ins. Co. (Nov. 8, 1993), Stark App. No. CA-9251, unreported.
In the case before us, Heather Heyman and Kenneth Heyman resided in the same household but held motor vehicle policies with two different insurers. There is no evidence in the record showing that either Heather or Kenneth received reduced premiums so as to support a valid intrafamily stacking exclusion. Therefore, on the authority of this court's holding in Sayed, we find that the intrafamily stacking exclusion in the Western American uninsured/underinsured motor vehicle policy is unenforceable. The common pleas court properly declared that Heather Heyman is entitled to coverage under that policy as a matter of law.
Accordingly, we conclude that the trial court did err in failing to address the issue of intrafamily stacking. Because Western American challenges this failure in its assignment of error, we must find that assignment technically well-taken. Nonetheless, this error was not prejudicial to Western American because this court could reach this issue and determine the question as a matter of law. Consequently, the judgment of the Wood County Court of Common Pleas is affirmed. Western American Insurance Company is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ---------------------------- JUDGE
Melvin L. Resnick, J. ---------------------------- JUDGE Richard W. Knepper, J. CONCUR. ---------------------------- JUDGE