DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an award of summary judgment issued by the Lucas County Court of Common Pleas to an insurer in a suit seeking a declaration of underinsured motorists insurance coverage. Because we conclude appellants were not insureds under the insurance policy at issue, we affirm.
 {¶ 2} David Perales died in a 1988 motorcycle accident which was the fault of an underinsured motorist. On October 16, 2001, David Perales's sister and brother-in-law, appellants Luann and David E. Albert, and the decedent's mother, appellant Shirley J. Perales, instituted a suit against Albert's 1988 employer, Anatrace, Inc., and its insurer, Aetna Casualty. Aetna's successor in interest is appellee Travelers Property and Casualty Insurance Co. Appellants sought a declaration that they were entitled to underinsured motorists insurance ("UIM") coverage under a 1988 Business Auto Coverage Policy issued by Aetna to Anatrace. Appellants claimed coverage pursuant to the holding ofScott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999), 85 Ohio St.3d 660.
 {¶ 3} Following discovery, Travelers and Anatrace moved for summary judgment.[1] Travelers argued that 1) appellants are not insureds under the policy, 2) David Albert is not a statutory wrongful death beneficiary of David Perales, and 3) even if appellants were entitled to coverage, they have breached the notice and subrogation provisions of the policy and are, therefore, not entitled to recovery.
 {¶ 4} On January 14, 2003, the trial court issued its decision on appellees' summary judgment motion. Relying on Ferrando v. Auto-OwnersMut. Ins. Co., 98 Ohio St.3d 186, 2002-Ohio-7217, the trial court concluded that appellants had failed to present evidence to rebut the presumption of prejudice suffered by an insurer absent compliance with the policy's prompt notice provisions. Comparing the thirteen-year delay here with the two-year delay found to be a breach of a prompt notice provision in Chamberlain v. Williams, 6th Dist.App. No. S-02-006, 2002-Ohio-6350, the trial court concluded that appellants had breached the prompt notice provision as a matter of law. This, coupled with the unrebutted presumption of prejudice resulting from Ferrando, entitled appellees to judgment as a matter of law, the trial court ruled.
 {¶ 5} From this judgment granting summary judgment to appellees, appellants now bring this appeal, setting forth the following three assignments of error:
 {¶ 6} "I. Plaintiffs lacked an opportunity to fully present arguments and evidence for the trial court's consideration of breach of notice issue and prejudice as set forth in Ferrando v. Auto-Owners Mut.Ins. Co.
 {¶ 7} "II. The trial court erred in granting summary judgment to defendants.
 {¶ 8} "III. Rules of equity should prohibit insurers from arguing impairment of subrogation rights now when no such subrogation rights existed at the time of settlement with the tortfeasor."
 {¶ 9} In their first assignment of error, appellants complain that the Ferrando decision was unfairly applied to them because they were not given an opportunity to present evidence to a new standard announced while appellee's summary judgment motion was decisional. Ferrando was released only two weeks prior to the trial court's ruling in this matter and, according to appellants, it is fundamentally unfair to premise a decision on this new standard without offering the parties an opportunity to respond. Appellants maintain that the summary judgment in question should be vacated and the matter remanded to the trial court for further proceedings. In support of this approach, appellants cite this court's decision in Robison v. Porter (2001), 141 Ohio App.3d 372, and Buckleyv. Wintering, 10th Dist.App. No. 02AP-511, 2003-Ohio-824.
 {¶ 10} In response, appellees argue that Ferrando did not really change anything and that appellants should not be given a second bite of the apple. Moreover, according to appellees, appellants had two weeks after the issuance of Ferrando to seek leave of the trial court to conform its evidence to the Ferrando standard, but did not. By failing to do so, appellees insist, appellants waived further consideration.
 {¶ 11} We must disagree with appellees' position that Ferrando did not change anything. Ferrando expressly creates a presumption of prejudice when an insured fails to provide prompt notice of a claim or breaches a provision requiring protection of the insured's subrogation right. This presumption is new. If it is to be relied upon, the court should permit parties to address the new standard. On this issue we concur with appellants.
 {¶ 12} Nevertheless, an appellate court will not reverse a correct judgment simply because an erroneous reason forms its basis. Taylor v.Yale Towne Mfg. Co. (1987), 36 Ohio App.3d 62, 63, citingAgricultural Ins. Co. v. Constantine (1944), 144 Ohio St. 275, 284.
 {¶ 13} Christopher Pontzer died in a 1994 automobile collision caused by an underinsured motorist. After exhausting the tortfeasor's insurance coverage, Pontzer's wife and executor, Kathryn Scott-Pontzer, claimed underinsured motorists ("UIM") coverage under commercial liability and umbrella policies issued by Liberty Mutual to Pontzer's employer. Liberty Mutual denied the claim. When Scott-Pontzer brought suit, the trial court awarded summary judgment to Liberty Mutual, concluding that Pontzer was not a named insured under either policy and, since he was driving a private automobile at the time of the collision, he was not in a "covered" vehicle.
 {¶ 14} On appeal, the appellate court concluded that Pontzer was an insured under his employer's policies, but was not entitled to recover in this instance because he was not acting within the scope of his employment.
 {¶ 15} On review, the Supreme Court of Ohio analyzed the language of Liberty Mutual's commercial liability policy which stated that "`throughout this policy the words you and your refer to the named insured shown in the declarations.'" Scott-Pontzer at 663. The named insured shown on the commercial liability policy's declaration page was that of Christopher Pontzer's corporate employer. The Ohio uninsured ("UI") motorists coverage form of the same policy defines "Who Is An Insured" as "You." Id. The Scott-Pontzer court held that "you," in this instance, was ambiguous because the purpose of UM/UIM insurance is to protect people. Since corporations can act only through their employees, the "you" who is insured must be a corporation's employees, including Christopher Pontzer.
 {¶ 16} With respect to the employer's umbrella/excess insurance policy, the court concluded that coverage arose as a matter of law, because R.C. 3938.18 requires a tender of an offer of UM/UIM insurance and imposes coverage absent proof of an offer and rejection of such coverage. Id. Moreover, when coverage is imposed by operation of law, qualifications or exemptions from coverage contained in other portions of the insurance contract will not be presumed to limit UM/UIM coverage. Id. at 666. Consequently, even though Pontzer's employer's umbrella policy excluded coverage outside the scope of his employment, that restriction was deemed to apply solely to excess liability coverage, not UM/UIM coverage. Id.
 {¶ 17} In this matter, the insured named on the declaration page of the policy is Anatrace, Inc. The policy states that, "[t]hroughout this policy the words `you' and `your' refer to the Named Insured shown in the declarations." Under the Scott-Pontzer logic, "you" must be construed as the employees of the corporation, which would include David Albert.
 {¶ 18} Appellees argue that because the section defining coverage in the liability section of the policy sets "insureds" as "you for any covered auto," Albert and, by extension, Albert's wife and brother-in-law are not insureds because none of them was in a "covered auto" at the time of David Perales's collision. This argument is unpersuasive because in this instance there was no offer of UM/UIM insurance and coverage is imposed as a matter of law. In such a circumstance, Scott-Pontzer
directs that restrictions in liability coverage will be presumed to apply only to the liability portion of the policy. Consequently, Anatrace's employee, David Albert, is a UM/UIM insured under the Aetna policy at issue.
 {¶ 19} More troublesome is making the connection between David Albert and his brother-in-law. Albert is not one who is statutorily presumed to have been damaged by the wrongful death of David Perales, see R.C. 2152.02(A)(1), nor, for that matter, is Albert's wife, the decedent's sister. Theoretically, the Alberts could prove actual damages, but there was no attempt to do that in this case.
 {¶ 20} The only remaining connection is David Perales's mother, appellant Shirley Perales. Shirley Perales lived with David and Luann Albert in 1988. If she is considered an Albert family member and David Albert's UM/UIM coverage includes family members, then there is a valid claim against the policy at issue.
 {¶ 21} The case normally cited as extending Scott-Pontzer coverage to family members is Ezawa v. Yasuda Fire Marine Ins. Co. (1999),86 Ohio St.3d 557. The Ezawa majority does not actually mention extending coverage, but in a simple sentence summarily reverses the court of appeals on the authority of Scott-Pontzer. The case is defined by its dissent. In that dissent, Justice Lundberg Stratton states that the case, "* * * extend[s] the reach of UIM coverage * * * to an employee's minor son who was injured by a non-employee while riding in a non-covered vehicle and whose injuries had nothing to do with the corporation's business." Id.
 {¶ 22} It is important to remember that Scott-Pontzer dealt with two classes of insurance policies: one which provided UM/UIM coverage, but listed an ambiguous insured, and one in which there was an ambiguous insured, but coverage arose as a matter of law. Ezawa is a case in which there was UM/UIM coverage, but the insured was ambiguous. Specifically, an "insured" was defined as "1. You." and "2. If you are an individual, any `family member.'" Ezawa v. Yasuda Fire MarineIns. Co. (June 30, 1998), Franklin App. No. 97-APE10-3010. Thus, by theScott-Pontzer reasoning, a corporate named insured became the corporation's individual employees and the language of the UM/UIM provision of the policy extended individual coverage to the employee's family.
 {¶ 23} That is not the case in the present matter. Coverage here derives from the operation of the UM/UIM statute, R.C. 3938.18, and arises as a matter of law. There is nothing in the statute which extends UM/UIM coverage beyond the employee. That coverage arises solely as matter of contract. Since there is no provision in the insurance contract at issue here which extends UM/UIM coverage to family members, we must conclude that no coverage exists for members of David Albert's family, other than David Albert himself. Consequently, appellees were entitled to a summary judgment on the basis that there was no coverage for David Perales's death.
 {¶ 24} Because of our conclusion that appellants were not insured for the loss, the ruling of which appellants complain in their first assignment of error was erroneous, but harmless. Appellants' remaining assignments of error are not well-taken.
 {¶ 25} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
Handwork, P. J., concurs.
Lanzinger, J., concurs separately.
[1] Appellants filed no memorandum in opposition to Anatrace's motion for summary judgment and on appeal do not contest the trial court's award of summary judgment to Anatrace.